## SAMUEL DAVIS v. ROSEMOND DUGAS.

A judgment by default in Indiana, after personal citation, when sued upon in this State, cannot be opened to let in a defence that might have been pleaded to the original action.

The action of debt will lie here if it will lie in Indiana; the judgment is shown to be executory in Indiana, but even if an affidavit, or *scire facias*, were required to revive it there, the action of debt answers the same purpose.

A transcript of a later date than the one sued on, containing copies of writs and returns, &c.—which had been omitted by mistake in the first transcript—was properly received in evidence.

APPEAL from the District Court, Fifth District, Parish of Assumption, *Cole*, J. *C. & A. Johnston*, for plaintiff.    *Mailhot & Mills*, for defendant and appellant.

SPOFFORD, J.    This is an action of debt upon a judgment rendered in the Circuit Court of Spencer county, State of Indiana.

The defendant has appealed.

He insists that the Indiana judgment was rendered against him by default only, and therefore is not binding upon him, but is open to any defence which might have been pleaded to the original action, and that the plaintiff is bound to prove his original demand.

This doctrine is wholly inadmissible.    There was a personal citation by the Sheriff of Spencer county, Indiana, who certifies that he read the *capias* to the defendant.    Although the latter made no appearance in the Indiana court, we are bound to presume that the court proceeded according to law in rendering a final judgment against him.    The note which was the original ground of ac-

tion has become merged in the judgment. That judgment is conclusive upon the defendant, unless he shows that he was not cited, or that the court was without jurisdiction, or that the judgment was procured through fraud.

He has failed to do either.

If the judgment were open to question, the defendant has not suggested that he had any special defence to the original action.

The distinction formerly made by Articles 746 and 747 of the Code of Practice between judgments by default or on attachment, and other judgments, was only as to the power of granting executory process in certain cases, which is now withdrawn. Act 1st June, 1846, p. 166.

The action of debt will lie upon a judgment of either kind.

This action will lie here, if it will lie in Indiana. The judgment is shown by evidence to be executory in Indiana; but even if an affidavit or *scire facias* were required to receive it there, the action of debt answers the same purpose. If the defendant has paid the debt he should have pleaded it; but he makes no such pretension.

The later transcript was properly received in evidence; it contained copies of writs and returns, &c., which had been omitted by mistake in the first transcript. Clerical errors of this kind are always subject to correction.

A plea of prescription based upon the statute of 30th April, 1853, was interposed by the defendant in the inferior court, but seems to have been abandoned in the argument here. It will suffice to remark upon this plea that the statute invoked by it was not approved until after the defendant had been cited to answer the present action.

It is therefore ordered that the judgment appealed from be affirmed, with costs.